\* CHARLES W. COOK AND EDWARD JONES,    [397]
   RESPONDENTS, v. AUGUST BONNET, APPELLANT.

[1] SAN FRANCISCO, WATER LINE OF CITY.—The Act of March 26th, 1851, which
   requires the City of San Francisco to deposit in the office of the Secretary of
   State a map of the water lot property granted to the city by the same Act, does not
   make such map conclusive evidence of the extent of said property, as the
   boundaries are completely specified in the Act, and the question of what was
   the water line of the city, at the date of the Act, is one of fact.

APPEAL from the Superior Court of the City of San
Francisco.

This was an action of ejectment. The cause was tried by
the Court without a jury, by consent. The Court found the
following facts, and made the following decision:

1st. That the premises described in the complaint were,
on the 6th day of July, 1849, granted by Thaddeus M.
Leavenworth, Alcalde of San Francisco, to one Randolph M.
Cooley.

2d. That the said grant was, before the 3d day of April,
1850, confirmed by the Ayuntamiento, or Town Council, of
the City of San Francisco.

3d. That before the 3d day of April, 1850, the said grant
was registered and recorded in a book of records, which, on
and before the 26th of March, 1850, was in the office, cus-
tudy and control of the Recorder of the County of San
Francisco.

4th. That the said lot, No. 82, described in the complaint,
is one of the lots in the City of San Francisco, which in,
and by the Act of the Legislature of California, entitled
"An Act to provide for the disposition of certain property
of the State of California," passed March 26th, 1851, are
known and designated as the "San Francisco Beach and
Water Lots.".

5th. That by a regular chain of intermediate conveyances
from the said Cooley to plaintiffs, the property so granted
passed and was duly conveyed to the said plaintiffs, before
the commencement of this action.

[1] Cited in *Griffing* v. *Gibb*, 1 McAll. 223.

[398]     *6th.   That at the time of the commencement of
          this action, the defendant was in possession of the
premises.

7th.   That the said lot 82 lies and is situated inland and
westwardly of the red ˙line purporting to delineate high
water mark, upon the official map of the city, certified and
filed under the aforesaid Act of 26th of March, 1851.

Upon these facts, the Court decreed that the plaintiffs
were the owners of the premises described in the complaint
in this action, for the unexpired term of ninety-nine years
from the 26th day of March, A. D. 1851, and were entitled
to recover the possession thereof in this action, and judg-
ment was ordered to that effect.

The defendant appealed.

*George B. Tingley,* for Appellant.

*Lockwood & Hammond,* for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

The 5th section of the Act of March 26th, 1851, entitled
"An Act to provide for the disposition of certain property
of the State of California," which requires the City of San
Francisco to deposit a map of the property so granted, in
the office of the Secretary of State, correctly delineating
said property by means of red lines, does not make such
map conclusive evidence of the extent of said property.

The boundaries are completely specified in the Act, and
the question, what was the water line of the city at the date
of the Act, is one of fact, and is not concluded by the red
line drawn by the surveyor.

Judgment affirmed.